MaNly, J.
 

 The bill is to enforce an award by compelling a specific execution. The submission appears to be by agreement
 
 in ¡pais,
 
 and by reference to it, it is found the arbitrators are authorised to make lines and settle the dispute then existing between the parties in regard to their dividing lines; and they bind themselves to abide by such lines as shall be made and laid down by such referees, and to allow each other peaceably to enjoy the same as alloted. The referees laid down a line of division, and the parties, thereupon, adjusted their respective possessions in conformity with the same.
 

 After two or three years acquiescence by all concerned, the defendant, Deans, took possession again of a parcel of the land which he had abandoned under the award, and this bill is brought to compel him to abide by the lines established, and to allow each peaceably to enjoy the part allotted to him.
 

 Ve do not perceive why this object may not be accomplished by the bill. By the submission, the parties contracted to do what the arbitrators might direct. "When the latter, therefore, made their decision, the submission and award together, amounted to an agreement; and as this agreement is plainly executory in its nature, it is in substance the case of an executory agreement under a penalty. The enforcement of such an agreement, specifically, is a familiar subject of equity jurisdiction. In Kussell on Arbitrators 525, it is said, a bill will lie to enforce a specific performance of an award, whenever the matter directed by it is such that it would be
 
 *26
 
 enforced by the court as an agreement or contract — especially when the .award be to do any thing in respeet to lands.— This is confirmatory of our view.
 

 The award, it will be seen, does not specially require the parties to release or convey to each other, but this, we think, follows from the making of the line by the arbitrators, taken in connection with the terms of the submission. The parties agree to end all disputes by abiding by the line to be made, and allowing each other to enjoy quietly, in conformity with the line. It is a private submission, and we think it clear, by the terms of it, that the arbitrament is conclusive as to the rights of the parties to the land in controversy between them; and, as the award does not convey the title, it would seem to be manifestly intended that their rights should be made effectual by conveyances, and that thus, all dispute might be ended. In the case of
 
 Carter v. Sams,
 
 4 Dev. and Bat. 182, the arbitrators agreed that defendant should pay all costs, and they assessed plaintiff’s damages to $100. It was held that the award was entitled to a liberal construction, and that it should be intended that the defendant was to pay the $100 to the plaintiff. The cases are similar. In neither, can the declared rights of the parties be made effectual, except by a construction according to a reasonable intendment.
 

 This is what is called certainty to a common intent,” in the definitions given of the degrees of certainty required in law proceedings; and this degree is all that is required in an award; according to what is said in the case of
 
 Carter
 
 v.
 
 Sams,
 
 above referred to.
 

 The only other enquiry which arises upon the pleadings and proofs in the cause, is whether the award be such as the Court will enforce specifically: The parties recite in their submission bond, that a dispute existed between them as to the division lines of their lands, and they refer it to the arbitrators to make lines. Upon examination of the proofs in connection with the terms of this submission, the propriety of the plenary power given the arbitrators is apparent. The boundaries are left in great doubt, after the voluminous proofs
 
 *27
 
 now on file are all considered ; so far, therefore, from its being hard, nnconscientious or fraudulent, the arbitrament at the time, and upon the terms agreed on, was a measure of wisdom for all parties. There is nothing brought forward in the proofs which, regarding the award as of no higher obligation than a contract, would prevent a court of equity from ordering its specific execution.
 

 A decree may be drawn, directing the parties to execute deeds of release to each other for the parcels of land awarded to each by the division lines established by the arbitrators.
 

 Per Curiam;, Decree accordingly.