### J. C. PASS *v.* C. C. CRITCHER et al.

*Arbitration Bond—Award—Liability of Surety.*

Where a surety on an arbitration bond guaranteed in a certain sum that one of the parties to the arbitration would in "all respects fairly and fully abide by the award to be made by the arbitrator": *Held,* that the bond was not simply a guaranty that his principal would not withdraw from the arbitration, but an obligation to see that the award should be in all respects performed, the liability of the surety being limited to the sum named in the bond.

CIVIL ACTION, brought by plaintiff against C. R. and C. C. Critcher, principals, and J. A. Long, surety, on an arbitration agreement and bond, and heard before *Connor, J.,* at November Term, 1892, of PERSON Superior Court, on the pleadings, exhibits and admissions.

There was judgment for the plaintiff and defendants appealed.

The facts are sufficiently stated in the opinion of the Court.

*Messrs. W. W. Kitchin* and *J. W. Graham,* for plaintiff.
*Messrs. Boone & Parker* and *Merritt & Bryant,* for defendants (appellants).

CLARK, J.: The plaintiff and the defendants, Critcher Bros., having agreed to submit the matters in dispute between them to arbitration and entered into an arbitration bond, the defendant Long signed the following guaranty:

"As surety in the sum of five hundred dollars, I hereby guarantee that Critcher Bros., the parties of the second part in the foregoing agreement, will in all respects fairly and fully abide by the award to be made by the arbitrator.

"This 23d March, 1892.　　　　　　　　J. A. LONG."

The arbitrator made his award, adjudging that the defendants, Critcher Bros., pay the plaintiff $887.73. It is not denied that they are liable for the full amount of the award. But it is contended that the defendant Long is not liable upon his guarantee for the payment of $500, said Critcher Bros. having failed to pay the sum adjudged against them or any part thereof.

If the guarantee had been "to abide the arbitration" there would have been some applicability of the authorities cited in support of the contention that the guaranty of Long was merely that Critcher Bros. should not withdraw from the agreement to arbitrate and was not that the award should be paid. But the agreement is not to "abide," but to "abide by," and it is the award and not the submission to arbitration which is guaranteed. As the award is the consummation and the end of the arbitration a guarantee to abide by the award cannot mean merely that the party should not withdraw from the submission to arbitration. It means that he shall abide by, stand to and perform the award. The guarantor here carefully limited his liabilty to $500 if his principals should fail to abide by the award. In some cases the award might be of specific acts which if not done the guarantor

should pay $500. But this award being for the payment of money, it can only be performed by payment. Had the sum adjudged the plaintiff been less than $500 the guarantor could have discharged his liability by paying such lesser sum. As it is more than $500 his liability is limited to that sum by the terms of the guarantee.

The words "abide by" have a settled fixed meaning. Webster's International Dictionary says, "'abide,' when followed by 'by,' as 'abide by,' means to stand to; to conform to, as (giving an example) to 'abide by a decision or an award.'"

Soule's Synonyms gives as synonomous for "abide by" the words "act up to, fulfil, discharge (of promises and the like)."

Roget's Thesaurus, in like manner, gives as synonyms of "abide by," "meet, fulfil, carry out, carry into execution, execute, perform, satisfy, discharge."

In *Kesler* v. *Kerns*, 50 N. C., 191, where the agreement to arbitrate contained the words, "the decision shall be binding," the defendant contended, as in this case, that this was an obligation to submit to arbitration, and not to perform the award; but this Court (PEARSON, J.) held that it was an obligation to perform the award. In *Thomson* v. *Deans*, 59 N. C., 22, where the agreement was to "abide by such lines" as the arbitrators might decide upon, the Court decreed specific performance by the execution of deeds of release up to such lines.

In the present case the construction contended for by the defendant would make the guarantee of the award valueless. The other construction gives it force and effect. We are not to presume that the parties did a vain thing. By the settled rules of construction if the paper were susceptible of two meanings the Court would not place that con-

struction upon it which would render it nugatory and meaningless.   *Hunter* v. *Anthony*, 53 N. C., 385.

We, however, are clear that the guaranty of the award has here but one construction; *i, e.*, that it shall be in all respects performed (limiting the liability of guarantor, if the award is not fully performed, to $500).   To us the words used seem to leave no room for question.   We have only been thus explicit out of deference to the earnest and learned argument of the counsel for the defendant.

PER CURIAM.                                                      No Error.